UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| POLO BUILDERS, INC., *et al.*, | ) | No. 04 B 23758 |
| | ) | (jointly administered) |
| Debtors.. | ) | |
| | ) | |
| | ) | |
| DAVID R. BROWN, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06 A 1345 |
| | ) | |
| PATRICIA ANSELME, | ) | |
| | ) | |
| Defendant. | ) | Judge Goldgar |

## MEMORANDUM OPINION

This matter is before the court for ruling on the motion of Patricia Anselme to vacate the January 24, 2007 order substituting her as the defendant in this adversary proceeding. For the reasons that follow, the motion to vacate is denied.

### 1. Jurisdiction

The court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1334(a) and the district court's Internal Operating Procedure 15(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), and (H).

### 2. Facts

The following facts are taken from the court's docket and the parties' papers. They are not in dispute. Polo Builders was a Chicago area real estate developer that along with several related entities filed chapter 11 bankruptcy petitions in June 2004. The cases were soon

converted to cases under chapter 7, and David Brown was appointed interim chapter 7 trustee.

On August 30, 2006, almost exactly one year ago, Brown commenced this adversary proceeding with a six-count adversary complaint alleging that Polo Builders, though ostensibly a legitimate enterprise, was actually engaged in a massive "Ponzi" scheme. (Docket Item No. 1). As part of the scheme (but also separately from it), Polo Builders allegedly transferred funds and property to investors in the scheme and to others. In his complaint, Brown sought to have the transfers voided as fraudulent and the monies and property returned to the estate. The named defendant was the "Estate of David Anselme."

The Anselme adversary complaint was one of more than 120 such complaints Brown filed on August 30, 2006. On January 2007, the court dismissed the two fraudulent transfer counts in nearly all of the complaints under Rule 9(b) of the Federal Rules, Fed. R. Civ. P. 9(b) (made applicable by Fed. R. Bankr. P. 7009), because they failed to identify what (or how much) was transferred to the particular defendants, when the transfers were made, how the transfers were made, who made them, and under what circumstances they were made. The Anselme complaint was one of the complaints dismissed. (Docket Item No. 12). Brown was given leave to file amended complaints.

In March 2007, Brown filed an amended complaint alleging that David Anselme was a Polo Builders employee and a direct participant in the alleged Ponzi scheme who had received at least $136,777 on account of his activities in furtherance of the scheme. (Docket Item No. 14). That sum included an alleged $20,000 bribe to Anselme to keep him from notifying the authorities about scheme. Anselme also allegedly received a cell phone for which, according to Brown, Polo Builders did not receive reasonably equivalent value. Brown sought the return of

the funds.

Before the dismissal order and subsequent amended complaint, however, Brown took steps to change the defendant in the Anselme action. The original complaint and summons (the latter for some reason directed to "David Anselme" rather than his estate) were sent to Anselme's home address in Batavia, Illinois, in September 2006. (Docket Items Nos. 5, 7). In October 2006, apparently in response to the summons, Batavia lawyer Donald K. Hubbard sent counsel for Brown a letter in which he said that David Anselme had died in December 2005, that his widow, Patricia Anselme, "will not be filing an answer," and that Hubbard would "presume that Mr. Anselme will no longer be party to this action unless we hear otherwise." (Docket Item No. 8, attachment). The letter enclosed a certified copy of Anselme's death certificate.

In November 2006, Brown moved to substitute Mrs. Anselme for the Estate of David Anselme as the defendant in the adversary proceeding. (Docket Item No. 8). The motion attached as exhibits the Hubbard letter and death certificate. It also said that in an October 23, 2006 telephone conversation, Hubbard had told counsel for Brown "that David Anselme's estate was fully administered, and that most or all of his assets were now held by Patricia Anselme." Brown accordingly sought the substitution of Mrs. Anselme, citing Rule 25(a), Fed. R. Civ. P. 25(a) (made applicable by Fed. R. Bankr. P. 7025).

The motion for substitution was served by mail on Mrs. Anselme at her home address, as well as on Hubbard at his office in Batavia. (Docket Item No. 8). The motion was noticed for presentation to the court on December 13, 2006, but for reasons the record does not disclose was continued for hearing to January 24, 2007. At the January 24 hearing, Mrs. Anselme did not appear, nor did anyone appear for her. No objection to the motion was filed or voiced at the

hearing, and so an order was entered granting the motion. (Docket Item No. 13). The amended complaint Brown filed on March 12 named "Patricia Anselme" rather than "Estate of David Anselme" as the defendant.

On May 25, 2007, some four months after the substitution order's entry, Mrs. Anselme filed a motion to vacate the order.[1] (Docket Item No. 18). The gist of the motion was that Rule 25 did not provide a proper basis for the substitution of Mrs. Anselme. When the motion to vacate was presented, the court suggested that even if Rule 25 supplied no basis for substitution, substitution could have been accomplished under Rule 21, Fed. R. Civ. P. 21 (made applicable by Fed. R. Bankr. P. 7021). The parties asked to brief that issue and have done so, Brown arguing for Rule 21 and Mrs. Anselme arguing against.[2] The matter is ready for ruling.

### 3. Discussion

Mrs. Anselme's motion to vacate the January 24 will be denied for two reasons. First, Mrs. Anselme did not oppose the substitution motion when it was presented, and her objections to substitution have therefore been waived. Second, the waiver aside, Mrs. Anselme was

---

[1] It is not clear what prompted Mrs. Anselme to file the motion. She had not been served with process: the record reflects no summons issued to Mrs. Anselme between March 12 when the complaint was amended and May 29 when she filed her motion. As far as the record shows, in fact, Mrs. Anselme has still not been served. Several docket entries from mid-June reflect the issuance of an alias summons to her (as well as an "amended summons," whatever that is), but the record contains no return of service, and so it does not appear she was ever served.

[2] Brown contends that the substitution of Mrs. Anselme was proper not only under Rule 21 but also under Rule 17(a). He is mistaken. Rule 17(a) says that "[e]very action shall be prosecuted in the name of the real party in interest" and expressly permits "substitution" of that party. Fed. R. Civ. P. 17(a) (made applicable by Fed. R. Bankr. P. 7017). Because Rule 17(a) refers to actions "prosecuted," it "applies only to plaintiffs." *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 573 (5th Cir. 2006); *see also Gilmore v. Goord*, 360 F. Supp. 2d 528, 531 (W.D.N.Y. 2005). It does not authorize the substitution of defendants. *Id.*

properly substituted as a defendant in the action under Rule 21.

### a. Waiver

Regardless whether her objections to substitution have merit, Mrs. Anselme failed to assert them when Brown presented his motion. She is not entitled to assert them now.

In her motion, Mrs. Anselme contends that the January 24 substitution order should be vacated because the court made a legal error. However, Mrs. Anselme received notice of Brown's substitution motion, as did her lawyer, Hubbard. The motion was mailed to her home address and to Hubbard's office. Moreover, the motion was sent to them on November 10, 2006, well before the initial December 13 presentment date and more than two months before the January 24 hearing. Mrs. Anselme has not denied receiving the motion.[3] Nevertheless, she did not appear at the January 24 hearing to oppose the motion personally or through counsel, nor did she file any written objection to it. Mrs. Anselme instead waited another four months before contesting her substitution and asking to have the order vacated

A motion to vacate that asserts a court order was entered as the result of a legal or factual error is really a motion for reconsideration. *See, e.g., People ex rel. Hartigan v. Peters*, 861 F.2d 164, 165 (7th Cir. 1988) (holding motion to vacate order appointing receiver was, "in effect, a motion for reconsideration"); *Jones'El v. Berge,* No. 00-C-421-C, 2003 WL 23198835, at *1 (W.D. Wis. March 4, 2003) (treating motion to vacate as motion for reconsideration); *Przbysz v.*

---

[3] Mrs. Anselme asserts that she "had not been properly served with the motion" (Docket Item No. 18 at 3), but by this she means only that she was not "personally served" with the motion as Rule 25(a)(1) requires when a Rule 25 motion is served on a person who is not a party (*id.* at 6). There seems to be no question Mrs. Anselme had actual notice of the motion, and she cannot argue both that Rule 25 did not authorize her substitution and that Brown nevertheless had to comply with the service requirements under Rule 25.

*Denny's, Inc.*, No. 92 C 8250, 1993 WL 81366, at *1 n.3 (N.D. Ill. March 19, 1993) (same). An argument raised for the first time in a motion for reconsideration is waived. *In re Outboard Marine Corp.*, 386 F.3d 824, 828 (7th Cir. 2004); *Mungo v. Taylor*, 355 F.3d 969, 978 (7th Cir. 2004); *Laserage Techn. Corp. v. Laserage Labs., Inc.*, 972 F.2d 799, 804 (7th Cir. 1992) (stating that an argument not raised until a motion for reconsideration is "too little, too late").

Because Mrs. Anselme was served with Brown's substitution motion but did not appear and object when the motion was presented, it is too late now for her to object in what is effectively a motion for reconsideration. Her objections to substitution are waived.

### b. Rule 21

Had Mrs. Anselme not waived her objections but raised them when Brown presented the motion to substitute, the motion would still have been granted because her substitution was proper. Rule 25 did not apply to her, true enough. But Rule 21 permitted her to be substituted for the original defendant, the estate of her deceased husband.

Mrs. Anselme is right that Rule 25 did not authorize her substitution. Rule 25(a)(1) provides: "If a *party* dies and the claim is not thereby extinguished, the court may order substitution of the proper parties." Fed. R. Civ. P. 25(a)(1) (emphasis added). If someone dies before he has been named a party, consequently, substitution under Rule 25 is not allowed. *Mizukami v. Buras*, 419 F.2d 1319, 1320 (5th Cir. 1969); *Stanley v. Kenney*, No. 87 C 10822, 1988 WL 48240, at *1 (N.D. Ill. May 9, 1988); *Davis v. Cadwell*, 94 F.R.D. 306, 307 (D. Del. 1982); *Moul v. Pace*, 261 F. Supp. 616, 617-18 (D. Md. 1966); 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1951 at 651 (2007). No "party" died during this adversary proceeding. David Anselme died well before the complaint was filed,

and his estate, not Anselme himself, was named as the defendant in any event.[4] Substitution under Rule 25 therefore was not possible.

Substitution of Mrs. Anselme as the defendant was possible, however, under Rule 21, which provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21. Rule 21 permits substitution of parties in those circumstances where Rule 25 does not apply. *Mullaney v. Anderson*, 342 U.S. 415, 416-17 (1952) (permitting substitution of plaintiffs under Rule 21); *Walker v. Providence Journal Co.*, 493 F.2d 82, 86 n.9 (1st Cir. 1974); *Hackner v. Guaranty Trust Co. of N.Y.*, 117 F.2d 95, 98 (2nd Cir. 1941); *see* 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1686 at 499 (2001) (noting that "there is no reason why a substitution of parties cannot be made under Rule 21 . . . in situations not covered by Rule 25).

Although neither party here acknowledges it, there is a long-standing disagreement among courts – a disagreement going back almost to the dawn of the Federal Rules – over

---

[4] The "estate of David Anselme" was not a suable entity. The law of the forum state determines a defendant's capacity to be sued in federal court, Fed. R. Civ. P. 17(b), and in Illinois a decedent's estate lacks the capacity to sue or be sued, *In re Marriage of Schauberger*, 253 Ill. App. 3d 595, 598, 624 N.E.2d 863, 866 (2nd Dist. 1993). The estate's administrator was the proper defendant, not the estate itself. *Id.* Because there was no viable defendant named in the complaint, Mrs. Anselme (citing *Stanley*) insists that the action is "a nullity." *Stanley*, though, relied on Illinois law for the proposition that "a complaint filed against a dead person is a nullity." *Stanley*, 1988 WL 48240, at *1. What appears to be the only other federal decision reaching this conclusion also relied on state law. *See Chorney v. Callahan*, 135 F. Supp. 35, 36 (D. Mass. 1955) (citing Massachusetts decisions). It is not evident why state law would determine whether a federal action is a "nullity." Moreover, the court in *Stanley* did not dismiss the action on the basis that it was a "nullity" but rather because the plaintiff's amended complaint had "not cured the defect in the original complaint by naming a defendant who could be held liable." *Stanley*, 1988 WL 48240, at *1. Curing such a defect was precisely the point of Brown's substitution motion here. Mrs. Anselme's "nullity" theory is therefore unpersuasive.

whether Rule 21 permits substitution. Reasoning that Rule 21 never mentions the word and Rule 25 does, some courts have held that Rule 21 does not authorize substitution. *See, e.g., Sable Communic'ns of Cal. Inc. v. Pacific Tel. & Tel. Co.*, 890 F.2d 184, 191 n.13 (9th Cir. 1989) (stating that "[n]othing on the face of Rule 21 allows substitution of parties"); *Field v. Volkswagenwerk AG*, 626 F.2d 293, 306 (3rd Cir. 1980); *Fox v. Board of Trustees*, 148 F.R.D. 474, 484-86 (N.D.N.Y. 1993), *aff'd*, 42 F.3d 135 (2nd Cir. 1994); *Shapiro v. Maryland*, 336 F. Supp. 1205,1208 (D. Md. 1972); *Matsuoka v. United States*, 28 F.R.D. 350, 351 (D. Hawaii 1961); *Schwartz v. Metropolitan Life Ins. Co.*, 2 F.R.D. 167, 168 (D. Mass. 1941); *United States v. Swink*, 41 F. Supp. 98, 101 (E.D. Va. 1941).

The no-substitution view, though, "has been criticized as an unduly narrow restriction of Rule 21," *National Maritime Union of Am. v. Curran*, 87 F. Supp. 423, 426 (S.D.N.Y. 1949), and many courts have taken the opposite view, *see, e.g., Mullaney*, 342 U.S. at 416-17; *Salazar*, 455 F.3d at 571 (noting in dictum that "the broad language of rule 21 could be read as authorizing the substitution of parties"); *Bavido v. Apfel*, 215 F.3d 743, 747 n.3 (7th Cir. 2000) (dictum) (citing Rule 21 and *Mullaney* for the proposition that a complaint can be amended to substitute defendants); *Walker*, 493 F.2d at 86 n.9; *Hackner*, 117 F.2d at 98; *Canterbury v. Federal-Mogul Ignition Co.*, 483 F. Supp. 2d 820, 825-26 (S.D. Iowa 2007); *Graham v. Thornburgh*, 207 F. Supp. 2d 1280, 1283-84 (D. Kan. 2002) (three-judge panel); *Sheldon v. PHH Corp.*, No. 96 Civ. 1666 (LAK), 1997 WL 91280, at *3 (S.D.N.Y. March 4, 1997) (stating that substitution of parties is possible under Rule 15 but that Rule 21 is "the preferred method").

Of the two, the better view is that Rule 21 permits substitution. *See* 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *supra*, § 1686 at 499. The distinction between

"substitution" of parties and "adding" or "dropping" parties – the distinction that drives the decisions finding substitution under Rule 21 impossible – is largely a matter of semantics: every so-called "substitution," after all, involves "adding" one party and "dropping" another. Nothing in Rule 21 restricts the rule's application "to a plaintiff who sues too many parties, or not enough parties," as some courts have claimed. *See Swink*, 41 F. Supp. at 98; *see also Schwartz*, 2 F.R.D. at 168 (stating that Rule 21 "contemplates the retention of a party or parties after the other party or parties are dropped or before they are added"). Nor does the Advisory Committee Note from the Rule's adoption in 1937 mention such a restriction. *See* Fed R. Civ. P. 21 advisory committee note.

Permitting substitution is also more efficient, economical, and consistent with "the general policy" of the rules "that the choice of a party at the pleading stage ought not have to be made at the risk of a final dismissal of the action should it later appear that there had been an error." 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1555 at 413-14 (1990) (discussing policy in the context of Rule 17). If substitution were denied and this action dismissed, Brown would simply file a new action against Mrs. Anselme using the same complaint. The parties would end up right where they are now. Mrs. Anselme has not explained what purpose that would serve except to waste time and cost money. *See Mullaney*, 342 U.S. at 417 (observing that dismissal and refiling would "entail needless waste and runs counter to effective judicial administration"); *Schwartz*, 2 F.R.D. at 168 (conceding that the "only effect" of denying substitution was "to compel the plaintiff to shoulder the expense of a new suit"). Substitution is "the wiser answer." *Curran*, 87 F. Supp. at 426.

In support of her motion to vacate, Mrs. Anselme stresses factual differences between the

decisions supporting substitution under Rule 21 and this case. But she has not explained why those differences – some cases involved class actions, some involved substitution of plaintiffs rather than defendants – are relevant, and they are not.[5/] The issue is one of law: whether Rule 21 authorizes substitution. In addressing that issue, Mrs. Anselme relies almost entirely on *Fox*, one of the decisions holding substitution unavailable under Rule 21. *Fox*, 148 F.R.D. at 484. But *Fox* cited *Field*, *Sable*, and other decisions drawing a distinction between "substitution" of parties on the one hand and "adding" and "dropping" them on the other. As explained earlier, that distinction is not convincing.

Mrs. Anselme also complains that this court cannot "retroactively alter the stated procedural basis for the plaintiff's motion from Rule 25 to Rule 21." Anselme Mem. at 3. Because Brown sought substitution under Rule 25 and Rule 25 did not authorize substitution here, she argues that the substitution order was wrongly entered and must be vacated.

Not so. Parties fail to cite the right rules in motions with depressing frequency, but those errors are generally not fatal.[6/] *See, e.g., Swanson v. Van Otterloo*, 177 F.R.D. 645, 647 (N.D. Iowa 1998) (considering appeal from magistrate judge although defendants "cited the wrong rule

---

[5/]   Mrs. Anselme also contends that *Hackner* was not an example of substitution under Rule 21 but "truly involved dropping and adding parties." Anselme Mem. at 7. She misreads the decision. The court in *Hackner* found that none of the three original plaintiffs could satisfy the jurisdictional amount for diversity jurisdiction. *Hackner*, 117 F.2d at 97. That left as the lone plaintiff a party newly added in an amended complaint, and the question was whether her substitution was proper or whether she had to "begin a new suit again by herself." *Id.* at 98. The court found "no formidable obstacle" to the continuation of the action, "whether the matter is treated as one of amendment or of power of the court to add or substitute parties, Federal Rule 21." *Id.*

[6/]   Courts have been known to commit similar errors. Their errors are generally not fatal, either. *See, e.g., Smith v. Check-N-Go of Ill., Inc.*, 200 F.3d 511, 514 (7th Cir. 1999) (affirming dismissal under Rule 12(c) rather than 12(b)(6) because "decision on the papers was proper, even though the district judge cited the wrong rule").

as the basis for their appeal"); *Sheldon,* 1997 WL 91280, at *3 & n.8 (addressing substitution under Rule 21 although motion cited Rule 15); S*avage & Assocs. v. Williams Communic'ns (In re Teligent Servs., Inc.),* 324 B.R. 467, 471 n.2 (Bankr. S.D.N.Y. 2005) (considering motion to dismiss under Rule 12(b)(5) although motion said it was brought under Rule 12(b)(4)). Real litigation is not a law school exam, and so the question here is not whether Brown cited the right *rule* in his motion. The question is whether the *action* the court took was right. It was.

Although the January 24 substitution order evidently has Mrs. Anselme exercised, it is not clear why. *Cf. Schwartz,* 2 F.R.D. at 167 (finding it "difficult to understand" why motion for substitution was opposed). At most, the order changed the caption of the complaint, putting Mrs. Anselme on the "defendant" line, and kept the action alive a little longer. But it did not make Mrs. Anselme a party. To do that, Brown must still serve Mrs. Anselme with process, *Landers Seed Co. v. Champaign Nat'l Bank,* 15 F.3d 729, 732 (7th Cir. 1994) (finding no jurisdiction over substituted defendants who were never served), something he has yet to manage.[2] And because she is not yet a party, Mrs. Anselme has had no opportunity or even any occasion to assert objections she might have to service or to jurisdiction, let alone objections to the adequacy of the complaint or to the merits of Brown's case. All those matters remain to be addressed – once service has been accomplished.

---

[2] Because Mrs. Anselme has not been served, the court has no personal jurisdiction over her. *See Swaim v. Moltan Co.,* 73 F.3d 711, 719 (7th Cir. 1996) (noting that "[v]alid service of process is a prerequisite to a district court's assertion of personal jurisdiction"). Brown suggests that in failing to oppose his substitution motion, Mrs. Anselme somehow waived any objection to personal jurisdiction. But he cites no case holding that a proposed defendant's failure to oppose substitution is the sort of "formal submission in a cause" or "submission through conduct" that waives personal jurisdiction, *Continental Bank, N.A. v. Meyer,* 10 F.3d 1293, 1297 (7th Cir. 1993) (internal quotations omitted), and it cannot be, given that a newly substituted defendant must be served with process, *see Landers Seed Co.,* 15 F.3d at 732.

-11-

### 4. Conclusion

The motion of Patricia Anselme to vacate the January 24, 2007 order substituting her as the defendant in this adversary proceeding is denied. A separate order will be entered in accordance with this opinion.

Dated: August 29, 2007

                                             A. Benjamin Goldgar
                                             United States Bankruptcy Judge